IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>LUCKY OPCO LLC,<br><br>    Defendant. | Case No. 21-cv-01478-CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Brain Whitaker, a quadriplegic who uses a wheelchair, Compl. (dkt. 1) ¶ 1, sued Defendant Lucky Opco LLC (Lucky Store) for failure to provide accessible sales counters in violation of the federal Americans with Disabilities Act (ADA) and the California Unruh Civil Rights Act, id. ¶¶ 23–32. Whitaker now moves for default judgment. Mot. for Default Judgment (dkt. 16). The Court grants his motion and awards $4,000 in damages, along with $1,275 in attorneys' fees and $835 in costs, and enters an injunction requiring the Lucky Store to provide wheelchair accessible sales counters.

I.    **BACKGROUND**

In January 2021, Whitaker visited the Lucky Store in Palo Alto, California. Compl. ¶ 2. Whitaker alleges that the sales counter "was too high" to use from a wheelchair, and that "an employee tried to lower the point-of-sale machine" to another lower counter during Whitaker's visit "but she was not able to." Id. ¶ 12. Thus, transactions "necessarily take place" at the higher, inaccessible counter. Id.

Whitaker sued in March 2021, asserting ADA and Unruh Act claims. See id. ¶¶ 23–32. When the Lucky Store failed to file anything in response to the Complaint, Whitaker sought and received an entry of default. See Mot. for Entry of Default (dkt. 14);

Entry of Default (dkt. 15). Whitaker now seeks a default judgment against the Lucky store, an order requiring the store to provide an accessible sales counter, $4,000 in statutory damages, and $2,815 in attorneys' fees and costs. See Mot. for Default Judgment.

## II.   LEGAL STANDARD

"[E]ntry of a default judgment is within the discretion of the court." Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Upon an entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

A court deciding a motion for default judgment has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties," In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999), including whether notice was adequately given, see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987), superseded by statute on other grounds; Fed. R. Civ. P. 55(a); accord Dytch v. Bermudez, No. 17-cv-02714-EMC, 2018 WL 2230945, at *2 (N.D. Cal. May 16, 2018), reconsideration denied, 2018 WL 3643702 (N.D. Cal. Aug. 1, 2018). In determining whether to enter default judgment, this Court examines the "Eitel factors":

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III.   DISCUSSION

In analyzing this motion for default judgment, the Court must determine whether (A) it has jurisdiction, (B) Whitaker gave the Lucky Store adequate notice, (C) the Eitel factors support the entry of default judgment, and (D) the remedy that Whitaker seeks is appropriate.

2

### A.   Jurisdiction

The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because the complaint alleges a violation of the ADA, a federal statute. See Compl. ¶ 5; 28 U.S.C. § 1331. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the related state law claim.

The Court also has specific personal jurisdiction over the Lucky Store, which is continuously doing business in California, as Whitaker's claims arise from that activity within the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011).

### B.   Notice

Under Rule 4 of the Federal Rules of Civil Procedure, a person can serve a corporation in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(B). California law allows for personal service, service by mail, and various methods of substituted service. See Cal. Code Civ. P. 415.10, 415.20, 415.30, 416.10.

Service of process was sufficient in this case. Here, the Lucky Store was personally served. See Summons Returned Executed (dkt. 12).

### C.   Eitel Factors

This Court examines the "Eitel factors" to determine whether to grant default judgment. Eitel, 782 F.2d 1471–72. Here, the Eitel factors weigh in favor of granting default judgment.

#### 1.   Possibility of Prejudice to Plaintiff

Absent a judgment in Whitaker's favor, he has no way to recover for the alleged

3

ADA and Unruh Act violations. Therefore, this factor supports a grant of default judgment. See, e.g., Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners, No. 14-cv-00848, 2014 WL 5281039, at *6 (N.D. Cal. Jan. 21, 2014) ("Denying a plaintiff means of recourse is by itself sufficient to meet the burden posed by this factor.") (citations omitted).

### 2.  Merits of Claim and Sufficiency of Complaint

The second and third Eitel factors require Whitaker to state a claim that sufficiently supports the relief sought. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

#### a.  Article III Standing

To have Article III standing to bring an ADA claim, a plaintiff must establish (1) that they have suffered an injury in fact, (2) that their injury is fairly traceable to a defendant's conduct, and (3) that their injury would likely be redressed by a favorable decision. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). To show an "injury in fact," a plaintiff must establish "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (citations and internal quotation marks omitted). Where, as here, a party seeks injunctive relief, "past wrongs do not in themselves amount to [the] real and immediate threat of injury" necessary for standing. City of Los Angeles v. Lyons, 461 U.S. 95, 103 (1983). Rather, a party must show "continuing, present adverse effects" of the defendants' actions. Id. at 102.

"A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility. . . . So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." Civ. Rights Educ. & Enf't Ctr. v. Hosp. Props. Trust, 867 F.3d 1093, 1098–99 (9th Cir. 2017) (internal quotations omitted). Accordingly, the Ninth Circuit has held that a plaintiff's vague allegations that they intended to visit a facility, are deterred by the facility's non-compliance, and would visit when non-compliance is cured are sufficient to establish standing. See, e.g., Civ. Rights

Educ. & Enf't Ctr., 867 F.3d at 1099; Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 840–41 (9th Cir. 2007); Velez v. Il Fornaio (Am.) Corp., 808 F. App'x 581, 582 (9th Cir. 2020); Whitaker v. Pan. Joes Inv'rs LLC, 840 F. App'x 961, 963–64 (9th Cir. 2021).

As discussed below, Whitaker is disabled under the ADA and alleges that he personally encountered a barrier at the Lucky Store. Compl. ¶ 12. Whitaker's allegation that this barrier has deterred him from visiting the store, id. ¶ 20, is almost identical to allegations that the Ninth Circuit has held are sufficient to establish standing. Thus, Whitaker has Article III standing.

### b. ADA Claim

To state a claim under the ADA, a "plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). "The third element is satisfied when there is a violation of applicable accessibility standards." Rodriguez v. Barrita, Inc., 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014).

Here, the first and second requirements are clearly met. Whitaker's quadriplegia is a disability within the meaning of the ADA, as it is a physical impairment that substantially limits major life activities. See 42 U.S.C. § 12102. And clothing stores are places of public accommodation under the ADA. See 42 U.S.C. § 12181(7)(E).

With respect to the third element, regulations implementing the ADA establish accessibility standards. 28 C.F.R. § 36.211(a) states: "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Id. The ADA Accessibility Guidelines (ADAAG), created in 2004 and updated in 2010, also establish accessibility standards. Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011). And under the ADAAG, sales and service counters must

have accessible portions. These counters must either allow for a parallel approach, where a portion of the counter surface must be 36 inches long minimum and 36 inches high maximum, ADAAG § 904.4.1, or a forward approach, where a portion of the counter surface must be 30 inches long minimum and 36 inches high maximum, with knee and toe space underneath the counter, ADAAG § 904.4.2. The accessible portions of a countertop must be the same depth as the sales or service countertop. ADAAG § 904.4. Here, Whitaker alleges that such a counter was not available to conduct transactions. Compl. ¶ 12. And Whitaker has since submitted evidence of the sales counter's measurements, demonstrating that the counter does not comply. See Marquis Decl. (dkt. 16-5) ¶ 4. And providing an accessible counter is plainly readily achievable. See 42 U.S.C. § 12182(b)(2)(A)(iv). There is no reason to think otherwise.

### c.     Unruh Act Claim

A violation of the ADA is a per se violation of the Unruh Act, see Cal. Civ. Code § 51(f), regardless of whether the discrimination was intentional, see Munson v. Del Taco, Inc., 208 P.3d 623, 625 (Cal. 2009); Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004). Therefore, since Whitaker has adequately pleaded an ADA violation, he has also adequately pleaded an Unruh Act violation.

### 3.     Money at Stake

A court must also consider the amount of money at stake when deciding whether to grant default judgment. See Eitel, 728 F.2d at 1472. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions." Truong Giang Corp. v. Twinstar Tea Corp., No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007). Here, Whitaker seeks only $4,000 in statutory damages, plus attorneys' fees and costs. Accordingly, this factor weighs in favor of granting default judgment.

### 4.     Dispute Over Material Facts

There is no dispute over material facts, because on an entry of default by the Clerk, the plaintiff's factual allegations are taken as true. See Derek Andrew, Inc., 528 F.3d at

702.

### 5. Excusable Neglect

There is no indication that the Lucky Store's failure to participate in this litigation has been the result of excusable neglect. Therefore, this factor weighs in favor of Whitaker.

### 6. Policy Favoring Decision on the Merits

A "[d]efendant's failure to answer a [p]laintiff's Complaint makes a decision on the merits impractical, if not impossible." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, because the Lucky Store has not appeared in this case, a decision on the merits is unlikely.

*

In sum, Whitaker has satisfied the requirements for a default judgment. See Eitel, 782 F.2d at 1471–72.

### D. Remedy

Whitaker seeks injunctive relief, statutory damages, attorneys' fees, and costs. The Court grants injunctive relief, $4,000 in statutory damages, $1,275 in attorneys' fees, and $835 in costs.

### 1. Injunctive Relief

Under the ADA, injunctive relief shall be granted in cases of violations of accessibility standards. See 42 U.S.C. § 12188(a)(2). Thus, because Whitaker has sufficiently established an ADA violation, he is entitled to an injunction requiring the Lucky Store to remedy the alleged violation.

### 2. Damages

Under the Unruh Act, a plaintiff denied equal access to a covered establishment is entitled to a minimum of $4,000 in statutory damages. Cal. Civ. Code § 51(f). Therefore, Whitaker is entitled to the $4,000 that he seeks for the Lucky Store's single violation of the Unruh Act.

### 3. Attorneys' Fees

The ADA and the Unruh Act both entitle plaintiffs to recover attorneys' fees, subject to the court's discretion. 42 U.S.C. § 12205 (enabling district courts to award reasonable attorneys' fees to the prevailing party in an ADA action); Cal. Civ. Code § 52 (noting that a court may determine attorneys' fees for Unruh Act violations). Here, Whitaker seeks $1,980 in attorneys' fees. See Mot. for Default Judgment at 14. When calculating attorneys' fees, "the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." Ryan v. Editions Ltd. W7., Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016) (internal quotation marks and citation omitted). The party requesting attorneys' fees has the burden of providing billing records demonstrating that the hours requested are reasonable. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).

#### a. Hourly Rates

Whitaker seeks hourly rates of $650 for Mark Potter and Russ Handy, $400 for Faythe Gutierrez, $200 for senior legal assistant Marcus Handy, and $100 an hour for other legal assistants. Within this district, multiple recent decisions have considered the same supporting evidence submitted by Whitaker's counsel in similar suits by the same attorney and fee experts, and have found them to have limited value in determining reasonable hourly rates. See Love v. Undefeated Apparel Inc., No. C 20-00330 WHA, 2021 WL 1375911, at *5–6 (N.D. Cal. Apr. 12, 2021); Johnson v. Cortese, No. 5:19-cv-02671-EJD, 2020 WL 7495164, at *9 (N.D. Cal. Dec. 21, 2020) (noting that Pearl and O'Connor lack experience in ADA litigation and their declarations were prepared in connection with other, dissimilar cases). The Court agrees with these decisions and thus finds rates of $475 per hour for Mark Potter and Russ Handy and $250 per hour for Faythe Gutierrez to be reasonable. See Undefeated Apparel Inc., 2021 WL 1375911, at *6; Cortese, 2020 WL 7495164, at *10. And based on the evidence provided by Whitaker, the Court also

concludes that a $100 per hour billing rate is legal for all paralegals and legal assistants involved in this matter. See Johnson v. Nuoc Mia Vien Dong 2, LLC, No. 21-cv-1618-CRB, ECF No. 20 (July 30, 2021). The Court's ruling is not based merely on prior decisions, but also on the lack of compelling evidence submitted by Whitaker to support the rates that he seeks. If Whitaker or his counsel believe that a higher rate is warranted, they should prepare a more thorough analysis of the market rate for similar cases.

### b. Reasonable Hours

Whitaker has submitted an invoice for this suit that totals 6.3 hours. See Dkt. 16-3. The Court has carefully reviewed the invoice and finds that the time billed is reasonable. After applying the adjusted hourly rates to those hours, the total fee award is $1,275.

### 4. Costs

Whitaker seeks $835 in costs, which includes the filing fee, service costs, and investigation. See Mot. for Default Judgment at 21. A court may, in its discretion, award litigation costs, including investigation fees, to the prevailing party in a discrimination action. 42 U.S.C. § 12205; see Johnson v. VN Alliance LLC, No. 18-cv-01372-BLF, 2019 WL 2515749, at *9 (N.D. Cal. June 18, 2019) (allowing investigator fees to be recovered as litigation expenses). Thus, the Court awards the requested $835 in litigation expenses to Whitaker.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Whitaker's motion for default judgment. The Court awards Whitaker injunctive relief, $4,000 in statutory damages, $1,275 in attorneys' fees, and $835 in litigation expenses and costs.

IT IS SO ORDERED.

Dated: August 5, 2021

CHARLES R. BREYER
United States District Judge